UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION AND ROOFING, LLC, A/A/O the Orchards Condominium Association, Inc.,

    Plaintiff,

v.                     Case No: 2:18-cv-779-FtM-99UAM

EMPIRE INDEMNITY INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Compel Appraisal and Stay Litigation (Doc. #23) filed on April 3, 2019. Defendant filed a Response in Opposition (Doc. #27) on April 29, 2019, and plaintiff filed a Reply (Doc. #31) on May 9, 2019. For the reasons set forth below, the Motion is denied.

**I.**

At all relevant times The Orchards Condominium Association, Inc. (Orchards) had a commercial residential insurance policy, Policy No. ECL9489904, issued by Empire Indemnity Insurance Company (Empire) which insured 31 buildings in Naples, Florida (Docs. #3-1; #27-2, the "Policy"). On or about September 10, 2017, the Orchards Condominiums sustained significant damage due to Hurricane Irma at the insured property (the "Property"). (Doc.

#3, ¶ 6.)   On October 12, 2017, Orchards' property management company reported damage to two buildings to Empire.  (Id., ¶ 7; Doc. #27-1, ¶ 6.)  Empire hired an independent adjuster to inspect the Property, which was done on October 18, 2017. (Doc. #27-1, ¶ 8.)  On November 2, 2017, Orchards reported damage to additional buildings to Empire and requested inspection of the rest of the buildings.   (Doc. #27-1, ¶ 10.)   Empire hired a building consultant who inspected all the buildings. (Id., ¶ 11.)  Based on this inspection, on February 26, 2018, Empire issued a check to Orchards for $96,763.53.  (Id., ¶¶ 11-12.)

Orchards hired plaintiff to perform repair services on the condominium buildings.  On April 12, 2018, in exchange for CMR Construction and Roofing, LLC's (CMR) services, Orchards executed a document entitled "Contract for Service, Assignment of Benefits."  (Doc. #3-2.)  The Assignment of Benefits (AOB) portion is one page, and states the following:

> **ASSIGNMENT OF INSURANCE BENEFITS:**
>
> Assignor hereby assigns any and all insurance rights, benefits, and proceeds under any applicable insurance policies to CMR Construction & Roofing, LLC.  I make this assignment and authorization in consideration of CMR's agreement to perform services and supply materials and otherwise perform its obligations under this contract, including not requiring full payment at the time of service.  I also hereby direct my insurance carrier(s) to release any and all information requested by CMR, its representative(s), or its attorney to the direct purpose of obtaining actual benefits to be paid by my insurance carrier(s) for services rendered or to be rendered.  In this regard, I waive my privacy rights.

> I agree that any portion of work, deductibles, betterment, depreciation or additional work requested by the undersigned, not covered by insurance, must be paid by the undersigned on or before its completion. I hereby appoint CMR as attorney in-fact, authorizing CMR to endorse my name, and to deposit insurance checks or drafts for CMR. Payment terms to CMR are net-10 days. Late charges of 1.5% monthly are charged to any and all unpaid balances. CMR shall be entitled to reimbursement for costs of collection (including reasonable attorney's fees and costs) of unpaid amounts by Owner/Agent and for reasonable attorney's fees and costs for the breach, or enforcement, or any terms of this entire service agreement.

(Doc. #3-2.)

On or about June 20, 2018, CMR sent Empire a repair estimate in the amount of $4,954,497.43 for damage to Orchard Condominiums caused by the hurricane. (Doc. #27-1, ¶ 15.) Thereafter, Empire sent CMR an engineering report and invited questions for an expert's consideration of damages. (Id., ¶ 17.) There was no response from CMR other than the lawsuit filed in state court.

On September 18, 2018, plaintiff CMR, as assignee of Orchards, filed a one-count Complaint for breach of contract (Doc. #3) in state court. CMR alleged that defendant breached the Policy by failing to acknowledge coverage for all damages and pay the full amount due under the Policy for covered damages. (Doc. #3, ¶¶ 11, 15.) On November 20, 2018, Empire removed the case to federal court (Doc. #1).

**II.**

CMR now argues that it is entitled to an appraisal under the "Mediation or Appraisal" clause of the Policy and under Florida law[1]. The Policy's appraisal clause states:

> . . .
>
> With respect to a loss to commercial residential property, the following replaces the Appraisal Condition:
>
> Mediation Or Appraisal
>
> If we and you:
>
> . . .
>
> B. Disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will be binding.
>
> Each party will:
>
> 1. Pay its chosen appraiser;
>
> 2. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.
>
> However, you are not required to submit to, or participate in, any appraisal of the loss as

---

[1] In this diversity case, the Court applies Florida substantive law.

a precondition to action against us for
        failure to pay the loss, if we:

        1. Requested mediation and either party
           rejected the mediation result; or

        2. Failed to notify you of your right to
           participate in the mediation program.

(Doc. #27-2, p. 50). The Policy also contains an anti-assignment

provision, which states:

   **F. Transfer of Your Rights and Duties Under This Policy**

   Your rights and duties under this policy may not be
   transferred without our written consent except in the
   case of death of an individual named insured.

(Doc. #27-2, p. 32.)

### III.

Empire objects to appraisal on five fronts: (1) the Motion to Compel Appraisal is an improper summary judgment motion; (2) CMR as an assignee-contractor does not have standing to invoke appraisal; (3) the request for appraisal is moot because CMR had not made a claim for actual cash value or repair costs; (4) appraisal is not ripe because the parties never disagreed on the value of the property or the amount of loss; and (5) CMR waived its right to appraisal. Only the last issue is meritorious.

   **A. Improper Summary Judgment Motion**

   Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question. <u>Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.</u>, 162 So. 2d 140, (Fla. 2d DCA

2014) (quoting Midwest Mut. Ins. Co. v. Santiesteban, 287 So. 2d 665, 667 (Fla. 1973)). However, when an insurer acknowledges that there is a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal. Id. (citations omitted); Freeman v. American Integrity Ins. Co. of Florida, 180 So. 3d 1203, 1208 (Fla. 1st DCA 2015). "Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs." Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (emphasis in original). Thus, the question of what repairs are needed to restore a property is a question relating to the amount of loss, not coverage.

Here, the Motion requests that an appraiser determine the amount of loss and the case be stayed pending that determination. Once appraisal is complete, the stay would be lifted, and the case will proceed on the remainder of plaintiff's breach of contract claim and Empire's defenses. In contrast, the purpose of summary judgment is to dispose of the merits of claims and defenses that are factually unsupported. Unlike a summary judgment motion, a determination of whether appraisal is appropriate does not determine whether there is a genuine disputed material fact or whether the moving party is entitled to judgment. CMR is not asking the Court to do so here. Therefore, Empire's objection to

the appraisal motion on the ground that it is an improper summary judgment motion is denied.

**B. Assignee's Standing to Invoke Appraisal**

Empire argues that CMR has not established its standing to seek appraisal under the Policy because the broad assignment it received from Orchards was obtained without Empire's consent, which was required by the anti-assignment provision of the Policy. Empire acknowledges that normally Florida law allows assignment of post-loss claims despite anti-assignment provisions. (Doc. #27, p. 8 (citing Better Constr., Inc. v. Nat'l Union Fire Ins., 651 So. 2d 141, 142 (Fla. 3d DCA 1995)). Empire argues, however, that the assignment in this case required Empire's consent because the broad language of the assignment ("any and all insurance rights, benefits, and proceeds") essentially assigned the entire Policy to CMR. Empire asserts that an assignment this broad, that is not limited to any particular claim, can be barred by the anti-assignment provision, unlike assignments limited to a particular claim.

"All contractual rights are assignable unless the contract prohibits assignment, the contract involves obligations of a personal nature, or public policy dictates against assignment." One Call Prop. Servs. Inc. v. Sec. First Ins. Co., 165 So. 3d 749, 752 (Fla. 4th DCA 2015) (quoting Kohl v. Blue Cross & Blue Shield of Fla., Inc., 988 So. 2d 654, 658 (Fla. 4th DCA 2008)). "Once

an assignment has been made, 'the assignor no longer has a right to enforce the interest because the assignee has obtained all the rights to the thing assigned.'" Id. at 752 (quoting Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 376 (Fla. 2008)). By statute, an insurance policy "may be assignable, or not assignable, as provided by its terms." Fla. Stat. § 627.422. "Anti-assignment provisions only cover claims within their scope." MSPA Claims 1, LLC v. Tenet Fla., Inc., 918 F.3d 1312, 1319 (11th Cir. 2019).

It is well settled under Florida law that provisions in insurance contracts requiring consent to assignment do not apply to assignment after the loss, and that an assignee has a common-law right to sue on a breach of contract claim. See One Call Property Services Inc. v. Security First Ins. Co., 165 So. 3d 749, 753 (Fla. 4th DCA 2015) (collecting cases); Accident Cleaners, Inc. v. Universal Ins. Co., 186 So. 3d 1, 2 (Fla. 5th DCA 2015) (collecting cases). "In interpreting an insurance contract, we are bound by the plain meaning of the contract's text." State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 569 (Fla. 2011). Contrary to Empire's argument, Orchards did not assign the entire Policy to CMR. Instead, it is clear that Orchards assigned to CMR post-loss "insurance rights, benefits, and proceeds" of the Policy in consideration for CMR's services and authorization to directly bill and to be directly paid by Empire. In other words, it was a post-loss assignment of a benefit under the Policy, not

an assignment of the entire Policy. Thus, Empire's objection to appraisal based on standing is denied.

**C. Claim for Actual Cash Value or Repair Costs**

Empire next argues that CMR is not entitled to replacement costs because it has not made a claim for actual repair costs. Empire also argues that because CMR has not made a claim for actual cash value, Empire has no obligation to pay such damages. These may be defenses to the amount of damages that CMR may obtain, but are not bases for denying appraisal.

**D. Whether the Appraisal is Ripe**

Empire argues that the Policy's appraisal provision has not been triggered because Orchards and Empire never disagreed as to the "value of the property or the amount of loss" as required by the Policy Condition of Appraisal. A review of the Complaint's allegations shows that the parties at least disagree as to the amount of loss. Whether either party is justified in its disagreement is not an issue the Court addresses when determining whether appraisal is appropriate.

**E. Waiver**

Finally, Empire asserts that CMR waived its right to appraisal because it sued for breach of contract and asked for a jury trial on all matters so triable. Additionally, Empire asserts that the right to appraisal has been waived because it was invoked for the first time when the Motion to Compel Appraisal was filed, which is

18 months after Orchards filed an insurance claim, and 7 months after this lawsuit was filed in state court.

Whether an appraisal must be sought prior to filing suit, i.e., whether it is a condition precedent to the filing of a lawsuit, depends on the wording of the insurance contract. See Paradise Plaza Condominium Ass'n, Inc. v. The Reinsurance Corp. of New York, 685 So. 2d 937, 940 n.2 (Fla. 3d DCA 1996) (en banc). Here, the Policy language allows for appraisal if requested and nothing in the Policy clearly mandates pre-suit appraisal as a condition precedent to filing suit. The only possible relevant Policy language is:

> However, you are not required to submit to, or participate in, any appraisal of the loss as a precondition to action against us for failure to pay the loss, if we:
>
> 1. Requested mediation and either party rejected the mediation result; or
>
> 2. Failed to notify you of your right to participate in the mediation program.

(Doc. #27-2, p. 50). This language is simply not clear enough to support an argument that an insured must otherwise seek appraisal before filing suit. Therefore, filing suit is not alone a waiver of a right to an appraisal as an appraisal clause may be invoked for first time after litigation has commenced. Fla. Ins. Guar. Ass'n v. Castilla, 18 So. 3d 703, 705 (Fla. 4th DCA 2009).

"A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." Fla. Ins. Guar. Ass'n v. Rodriguez, 153 So. 3d 301, 303 (Fla. 5th DCA 2014) (citing Fla. Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 493 (Fla. 5th DCA 2014)). "[T]he primary focus is whether [the insureds] acted inconsistently with their appraisal rights." Id.  A party cannot act inconsistently with the right to seek appraisal until the insurer admits coverage, or until coverage is determined by the court.  Fla. Ins. Guar. Ass'n Inc. v. Martucci, 152 So. 3d 759, 761 (Fla. 5th DCA 2014).  Here, the insurer issued a check on February 26, 2018, as payment for the hurricane damage (Doc. #27-1, ¶12), and therefore admitted coverage no later than that date.

The facts of this case after February 26, 2018, establish that plaintiff waived its right to an appraisal.  After that date, CMR:

- Exchanged documents with Empire which established vastly different views as to the amount of damage and the cost to repair that damage.

- Waited approximately seven months to file suit in state court, during which time it never invoked the appraisal right.

- Extensively litigated its lawsuit in state court, serving Empire with an interrogatory request that included nineteen interrogatories and a request for production that included forty-five categories of

- documents, as well as requests for admission. (Doc. #1-6.)

- After removal to federal court, CMR participated in a case management conference and a case management and scheduling order has been issued. (Docs. ##14, 17.) The mandatory initial disclosure deadline and the deadline to add parties or amend pleadings have passed, both before CMR filed its Motion to Compel Appraisal.

The Court finds that plaintiff acted inconsistently with its right to appraisal by seeking to benefit from conducting discovery[2] and otherwise engaging in litigating the case for seven months before invoking appraisal, with prejudice undoubtedly inuring to Empire via attorney's fees and costs. See Shoma Dev. Corp. v. Rodriguez, 730 So. 2d 838 (Fla. 3d DCA 1999) (finding waiver where parties had actively engaged in litigation and discovery for seven months before invoking the arbitration clause, prejudicing the homeowners). The Court finds under the totality of the circumstances that CMR acted inconsistently with its appraisal right and denies the Motion to Compel Appraisal.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

---

[2] In addition, the Case Management Report (Doc. #14) states that the parties agreed that Empire would respond to CMR's discovery requests within 30 days after the filing of the report, which was before the Motion to Compel Appraisal was filed. The Court also notes that while CMR has propounded its own discovery requests, it has refused to reciprocate and respond to Empire's requests for fear of waiving its appraisal rights, forcing Empire to file a Motion to Compel responses. See Docs. ##33, 32.

Plaintiff's Motion to Compel Appraisal and Stay Litigation (Doc. #23) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record