UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| CMR Construction and Roofing, LLC, a/a/o The Orchards Condominium Association, | Civ. No. 2:18-779-FtM-TJC-NPM |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Empire Indemnity Insurance Company, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Summary Judgment (Docket No. 47). For the following reasons, Defendant's Motion is granted.

**BACKGROUND**

Defendant Empire Indemnity Insurance Company insured The Orchards Condominium Association, Inc., when on September 10, 2017, Hurricane Irma damaged 31 of The Orchards' buildings. (Compl. (Docket No. 47-1) at 2.) On March 21, 2018, The Orchards made a claim under the Empire policy for Irma-related damage. (Pl's Answer to Interrog. (Docket No. 47-6) at 1.) Empire tendered a payment of $332,692.10 to The Orchards to make "spot repairs" on roofs, using tiles "harvested" from a building that The Orchards did not own and Empire did not insure. (Pl.'s Resp. (Docket No. 57) at 5-6.) On April 12, 2018, The Orchards assigned its rights under the insurance policy to CMR Construction and Roofing, LLC, which now stands in The Orchards' shoes.[1] (Compl. at 3.)

---

[1] In its Amended Answer, Empire denies that the assignment of rights to CMR was valid and

CMR asserts that this payment breached the policy because the roof tiles are discontinued, making spot repairs impossible, and the City of Naples would not in any event issue a permit for installation of mismatched tiles.

In May 2018, CMR submitted an estimate to Empire for the replacement cost value ("RCV") of the damaged tile roofs totaling $4,953,900. (2018 Estimate (Docket No. 48-5) at 2.) Empire did not pay on this estimate. On September 18, 2018, CMR filed this lawsuit raising a single claim for breach of contract, alleging that Empire failed to pay additional proceeds after it was provided "a detailed, itemized quote for replacement of the roof and exterior damages with accurate pricing and scope of repair as well as supportive documentation." (Compl. at 4.) On December 16, 2019, CMR submitted a new quote to Empire for an RCV of $6,704,412.57. (2019 Estimate (Docket No. 47-5) at 64.)

The insurance policy allows CMR to elect to receive either actual cash value ("ACV") for the damage or RCV for repairs made. The policy states that Empire "will not pay on a replacement cost basis for any loss or damage: (1) Until the lost or damaged property is actually repaired or replaced; and (2) Unless the repairs or replacements are made as soon as reasonably possible after the loss or damage." (Policy (Docket No. 47-1) at 46.) Thus, under

---

asserts an affirmative defense that The Orchards failed to comply with the policy's provision that Empire must agree in writing to the assignment. (Am. Answer (Docket No. 21) at 2-4.) Despite this, Empire never mentions the assignment's validity in its briefing, and CMR is similarly silent as to Empire's assertion that permission was required for assignment. Ultimately, Empire's contention is immaterial because Florida law is clear that insurance claims can be assigned, even if the policy prohibits assignment. Sec. First Ins. Co. v. State, Office of Ins. Regulation, 177 So. 3d 627, 628 (Fla. Dist. Ct. App. 2015) ("We find an unbroken string of Florida cases over the past century holding that policyholders have the right to assign such claims without insurer consent.").

the plain terms of the policy, CMR is responsible for making repairs before Empire owes any RCV.[2] To receive ACV, the policyholder must submit the replacement cost for the property including depreciation. (Id.) There is no dispute that CMR has thus far made only temporary repairs, which are not covered under the policy. (Pl.'s Answer to Interrog. at 8.)

**DISCUSSION**

To prevail at summary judgment on CMR's breach-of-contract claim, Empire must show that there is no genuine issue of material fact as to (1) the existence of a valid contract; (2) a material breach of that contract; and (3) damages. Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999).

Empire first claims that CMR cannot establish that it breached the policy, because CMR has not performed any repairs that would qualify for indemnification under the policy's terms and thus has no right to payment based on RCV. It argues that RCV coverage is only triggered when repairs are performed, not on a replacement cost estimate. See Buckley Towers Condo., Inc. v. QBE Ins. Corp., 395 F. App'x 659, 662 (11th Cir. 2010).

CMR alleges that Empire breached the policy by not paying the ACV amount included in the estimates. But CMR's interrogatory answer states,

> Plaintiff is claiming Replacement Cost Value. The total amount and scope of Plaintiff's damages is $6,445,253.32, as reflected in Plaintiff's estimate dated June 17, 2019. Pursuant to F.R.C.P. 33(d), Plaintiff directs Defendant to: (I) CMR's June 17, 2019 Estimate; and (ii) Orchards Temporary Repairs. . . . Plaintiff is not claiming Actual Cash Value for the property and has not

---

[2] The parties discuss a two-year limitation for the increased cost of construction and ordinance of law provisions in the policy. However, as an initial matter, the insured must establish an entitlement to payment (by either electing RCV or ACV) and CMR has not established that here.

3

calculated that.

(at 5-6.) CMR never amended that interrogatory answer and the time to do so has passed. Therefore, CMR cannot at this stage shift from claiming RCV to claiming ACV. ("Plaintiff cannot change its theory of the case (in an effort to avoid summary judgment) after Defendant moves for summary judgment." Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1138 (N.D. Ga. 1997) (emphasis in original).) CMR signed its answers to interrogatories under oath, and those answers foreclose any argument CMR makes about seeking an ACV payment. See Fed. R. Civ. P. 33(b)(3).

Viewing the facts in the light most favorable to CMR, the Court is unpersuaded that a genuine dispute of material fact exists. See Fed. R. Civ. P. 56(a). Empire did not breach the policy in failing to pay the RCV because CMR did not undertake any repairs to which that policy provision applied. Nor did Empire breach the policy in failing to pay ACV because CMR never requested payment for ACV.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 47) is **GRANTED**.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated: April 1, 2020  
                                                                   *s/ Paul A. Magnuson*  
                                                                   Paul A. Magnuson  
                                                                   United States District Court Judge